CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHIRLAND L. FITZGERALD, | ) | Criminal Case No. 4:08cr00001 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by defendant, Shirland L. Fitzgerald, to set aside his conviction and sentence on six counts of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), on the ground that his counsel rendered ineffective assistance at trial and on appeal in violation of the Sixth Amendment. The court finds that Fitzgerald is unable to demonstrate both deficient performance and prejudice as to any of his ineffective assistance claims and denies his motion.

I.

The grand jury returned a second superseding indictment against Fitzgerald and eight other defendants on various counts of money laundering related offenses. Fitzgerald was named as a defendant in seven counts, each alleging a different conspiracy to launder drug proceeds and avoid transaction reporting requirements under State or Federal law, in violation of 18 U.S.C. § 1956(h). Fitzgerald's codefendants pled guilty to various counts and Fitzgerald was tried by a jury. In the light most favorable to the government, the evidence at trial showed that Fitzgerald operated a used-car dealership in Danville, Virginia and frequently brokered the purchase of automobiles, motorcycles, and boats for drug dealers so as to disguise their cash purchases and

structure the resulting transaction, the recording of that transaction, and related deposits to avoid

reporting requirements and detection. Fitzgerald testified in his defense at trial that he did not

know he was brokering deals for drug dealers and never attempted to structure transactions to

avoid the reporting requirements of federal law. The jury found Fitzgerald guilty on six of the

seven counts against him, in each instance concluding beyond a reasonable doubt that the cash

Fitzgerald received represented proceeds of drug trafficking, that he knew the cash represented

proceeds, and that he knew the purpose of the transaction was to conceal the origin of those

proceeds.

The presentence report calculated Fitzgerald's total offense level to be 36 and his

criminal-history category to be I, producing a guideline imprisonment range of 188 to 235

months. Fitzgerald objected to the calculation at sentencing and the court overruled his

objections. Nevertheless, considering the sentences imposed on his codefendants and other

statutory factors, the court varied Fitzgerald's sentence and sentenced him to 140 months'

imprisonment. Fitzgerald appealed on various grounds; the Court of Appeals affirmed, United

States v. Fitzgerald, 416 F. App'x 236 (4th Cir. 2011); and Fitzgerald filed his current § 2255

motion on June 25, 2012, asserting that his counsel was ineffective in various respects.

## II.

Fitzgerald alleges that his counsel rendered ineffective assistance because counsel failed

to pursue a plea agreement as Fitzgerald requested and failed to advise him properly of the

benefits of taking a plea as opposed to going to trial. Fitzgerald does not claim that the

government offered a plea deal with more favorable terms than the judgment and sentence the

court actually imposed. Rather, he claims that "had counsel diligently pursued a negotiation with

the prosecution the outcome of the proceedings would have been different." (Resp. 2, ECF No. 582.) The court finds otherwise and rejects the claim.

Because the Sixth Amendment right to counsel extends to plea bargaining, see Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Merzbacher v. Shearin, No. 10-7118, 2013 WL 285706 (4th Cir. Jan. 25, 2013), "criminal defendants are 'entitled to the effective assistance of competent counsel' during that process." Merzbacher, 2013 WL 285706, at *5 (quoting Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012)).[1] "As explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process." Merzbacher, 2013 WL 285706, at *5. Under that two-part test, Fitzgerald must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. Under the performance prong, "[c]ourts 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" Merzbacher, 2013 WL 285706, at *6 (quoting Strickland, 466 US at 689). To prove prejudice, Fitzgerald must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on 'whether counsel's constitutionally ineffective

---

[1] In Frye, counsel never apprised Frye of a favorable offer from the prosecution. The Supreme Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. As a consequence, when Frye's counsel "allowed the offer to expire without advising [Frye] or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." Id. In Lafler, Lafler's counsel misadvised him that the prosecution would be unable to prove an essential element of the offense.

3

performance affected the outcome of the plea process.'" Merzbacher, 2013 WL 285706, at *6

(quoting Hill, 474 U.S. at 59).[2]

"To show prejudice from ineffective assistance of counsel in a case involving a plea

offer, petitioners must demonstrate a reasonable probability that (1) 'they would have accepted

the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea

would have been entered without the prosecution canceling it or the trial court refusing to accept

it, if they had the authority to exercise that discretion under state law.'" Id. at *8 (citing Frye,

132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1385).

Here, Fitzgerald does not suggest that his counsel failed to communicate a favorable offer

or gave deficient advice causing him to reject such an offer. Rather, he claims she failed to

explain the benefits of negotiating a plea agreement, and he speculates that had she done so, the

government would have offered him a favorable agreement, and he would have accepted it. He

makes this argument despite steadfastly denying any culpability whatsoever, as demonstrated by

his testimony at trial and his insistence of innocence in a pretrial proffer that ended when he

refused to admit any complicity in the money-laundering schemes in which he played a an

essential, pivotal role. He cites North Carolina v. Alford, 400 U.S. 25 (1970), presumably for the

proposition that his insistence on his innocence would not have precluded him from reaching an

agreement with the government to enter an Alford plea that would have produced a more

favorable outcome. (Resp. 2, ECF No. 582.) But the argument is purely fanciful because there

is not a reasonable probability that the government would have entered into such an agreement,

that the court would have accepted it, and that it would have produced a more favorable sentence

than the substantially below-Guideline sentence the court imposed. See Humphress v. United

---

[2] As the Supreme Court and the Fourth Circuit have noted, "'there is no reason for a court deciding an ineffective assistance claim' to resolve 'both components of the inquiry if the defendant makes an insufficient showing on one.'" Merzbacher, 2013 WL 285706, at *6 (quoting Strickland, 466 U.S. at 697).

States, 398 F.3d 855, 859–860 (6th Cir. 2005) (applying Strickland's prejudice prong and concluding that in light of the overwhelming evidence and the Department of Justice policy discouraging Alford pleas, that it was "highly unlikely" that the United States would have offered such a plea and that there was no evidence that the court would have accepted it). Accordingly, because Fitzgerald cannot show that he was prejudiced by counsel's allegedly deficient performance in the bargaining process, the court rejects his related ineffective-assistance claim.

### III.

Fitzgerald claims that counsel was ineffective in at least two respects at trial. First, he claims counsel rendered ineffective assistance in failing to "present evidence" that the government promised it would not introduce, "evidence of [Fitzgerald's] actual involvement in any drug dealing." Second, he faults counsel for failing to seek a jury instruction defining "proceeds" under the money-laundering statute to include only the profits of drug trafficking—as he claims United States v. Santos, 553 U.S. 507 (2008) requires. Both claims are frivolous.

As to the first claim, before trial, the government filed a Federal Rule of Evidence 404(b) notice of its intention "to introduce testimony that Shirland Fitzgerald was directly involved in the sale of narcotics, including cocaine base or 'crack.'" (Notice 1, ECF no. 219.) Although the court held the motion under advisement, the evidence came in during the direct testimony of two government witnesses. In each instance, counsel objected and moved for a mistrial, and in each instance the court sustained the objection, but denied the motion for mistrial and gave a curative instruction instead. Counsel preserved and raised the issue on appeal.

As to the second claim, Fitzgerald's counsel requested, and the court gave, the exact instruction Fitzgerald faults counsel for not requesting. The court instructed the jury: "the term

5

'proceeds' refers to the profits of drug trafficking. In this regard money that was used to pay the expenses associated with drug trafficking cannot be considered 'proceeds' for the purpose of this offense."[3]

It follows that Fitzgerald can show neither deficient performance nor prejudice, and the court denies his ineffective-assistance, trial-related claims.

## IV.

Fitzgerald contends that counsel was ineffective in failing to object to the presentence report's Guideline computations before the day of sentencing. The court, however, heard the evidence at trial and was familiar with the case and permitted late objections at sentencing. It made its own independent assessments of the Guideline computations, and Fitzgerald has advanced nothing to show that had counsel objected earlier, the court would have made different findings. [4] Under the circumstances, Fitzgerald has failed to show prejudice, and the court denies the claim.

## V.

Fitzgerald claims that counsel rendered ineffective assistance in failing to adequately prepare for oral argument on appeal. However, he has advanced nothing to suggest that the

---

[3] In hindsight, the court likely erred in *favor* of Fitzgerald in granting the instruction. See United States v. Howard, 309 F. App'x 760, 771 (4th Cir. 2009) ("Because Santos does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling charge, we are bound by this Court's precedent establishing that 'proceeds' means 'receipts.'"). Though ex post facto concerns prevent the court from considering statutory changes here, in 2009, "Congress also acted in the wake of Santos and modified the federal money laundering statutes to expressly define 'proceeds' as gross-receipts *in all cases*, effectively superseding the rule of law established by the plurality and concurrence in Santos." United States v. Johnson, 405 Fed. App'x 746, 749 (4th Cir. 2010).

[4] Fitzgerald claims that counsel was ineffective in failing to object to the calculation of the amount laundered to account for trade-in values of vehicles used in the purchase of the vehicles related to the money-laundering conspiracies. At the court's request, however, the probation officer revised the presentence report on the day of the sentencing to account for trade-in values. That recalculation resulted in a decrease in the amount laundered from $1,499,347.59 to $1,065,570.59.

6

outcome of his appeal would have been different had counsel prepared more thoroughly. Accordingly, the court denies the claim.

**VI.**

For the reasons stated, the court denies Fitzgerald's § 2255 motion.

**ENTER**: January 28, 2013.

UNITED STATES DISTRICT JUDGE