CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 4:08cr00001-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHIRLAND FITZGERALD | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Shirland Fitzgerald, a federal inmate proceeding *pro se*, filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to vacate this court's January 28, 2013 memorandum opinion and order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court finds that Fitzgerald's instant motion is, for all intents and purposes, an unauthorized, successive § 2255 motion and, therefore, dismisses it without prejudice.

I.

In 2009, after a jury trial, the court convicted Fitzgerald of six counts of conspiring to commit money laundering. Fitzgerald appealed and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. United States v. Fitzgerald, 416 F. App'x 236 (4th Cir. 2011). Fitzgerald then filed a § 2255 motion, asserting that his counsel was ineffective in various respects. The court dismissed his § 2255 motion, finding that none of his claims had merit. See ECF Nos. 583 and 584. Fitzgerald appealed and the Fourth Circuit dismissed his appeal. United States v. Fitzgerald, No. 13-6317 (4th Cir. 2013). Fitzgerald has now filed the instant motion, requesting the court vacate his criminal conviction and re-sentence him because his sentence violates the Ex Post Facto Clause.

## II.

The Federal Rules of Civil Procedure, including Rule 60(b), govern civil actions filed in federal district courts. "Such rules, designed to govern litigation of civil actions, do not and cannot provide authority for attacking or overturning a criminal judgment." United States v. Merica, Nos. 5:04CR00015, 5:11CV80375, 2011 U.S. Dist. LEXIS 144998, 2011 WL 6325881, at *2 (W.D. Va. Dec. 16, 2011); see also United States v. Bernier, 421 F. App'x 292, 293 (4th Cir. 2011) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment."). To this end, a "Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 action as without merit should be dismissed as a successive habeas petition to prevent defendants from using such a motion to circumvent the rule against successive § 2255 actions in § 2255(h)." Merica, 2011 U.S. Dist. LEXIS 144998, 2011 WL 6325881, at *2 (citing Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). "Similarly, a motion which seeks to advance one or more substantive claims allegedly omitted from the initial § 2255 motion or to submit new evidence or argument in support of a claim raised in the prior § 2255 motion must also be construed and dismissed as a new, successive § 2255 motion." Id. (citing Gonzalez, 545 U.S. at 531-32). However, a Rule 60(b) motion that attacks the collateral review process in a § 2255 proceeding may not be construed as a successive § 2255 motion. Gonzalez, 545 U.S. at 532; United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Fitzgerald's Rule 60(b) motion does not allege a defect in the civil collateral review process. Instead, it raises a new claim, attacking the validity of his criminal conviction and sentence, which was not raised in his prior § 2255 motion. Regardless of "[w]hatever title or twist [Fitzgerald] attaches to his current motion, it is clear that his intention is to obtain relief from the criminal judgment against him." Merica, 2011 U.S. Dist. LEXIS 144998, 2011 WL

2

6325881, at *2. As such, Rule 60(b) of the Federal Rules of Civil Procedure fails to supply him with the authority for the remedy that he seeks in this criminal action. Fitzgerald's Rule 60(b) motion must, therefore, be construed by this court as a successive § 2255 motion.

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). As Fitzgerald has not submitted any evidence of such certification by the Court of Appeals, the court must dismiss the instant § 2255 motion as successive.[1]

### III.

For the reasons stated, the court construes Fitzgerald's motion as a § 2255 motion and dismisses it as successive.

**ENTER**: This 8th day of August, 2013.

United States District Judge

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.